AW/aw
n:RPat6041.cff

FILED by_____ D.C.

2003 JUL -7 PM 3: 59

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

# 03-21826
## CIV-KING

MAGISTRATE JUDGE
O'SULLIVAN

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

REAL PROPERTY LOCATED AT
6041 SW 64TH AVENUE, MIAMI,
MIAMI-DADE COUNTY, FLORIDA,
TOGETHER WITH ALL BUILDINGS,
FIXTURES, APPURTENANCES AND
IMPROVEMENTS THERETO AND
THEREON,

      Defendant.

_____/

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, hereby files this Complaint for Forfeiture in Rem against

the above-captioned defendant property, and in support thereof alleges the following:

    1.    This is a civil action for forfeiture in rem of the above-captioned defendant property

pursuant to Title 21, United States Code, § 881(a)(7), arising from violations of Title 21, United

States Code, § 801, et seq.



2.     Jurisdiction is vested in this Court pursuant to Title 28, United States Code, §§ 1345, 1355(a) and 2461.

3.     This Court has venue pursuant to Title 28, United States Code, §§ 1355(b)(1) and 1395 because certain acts giving rise to the forfeiture occurred within the Southern District of Florida and because the defendant property is located within the Southern District of Florida.

4.     The defendant property herein is REAL PROPERTY LOCATED AT 6041 SW 64TH AVENUE, MIAMI, MIAMI-DADE COUNTY, FLORIDA, which is more particularly described as:

> Lot 17, in Block 5, of MERION PARK, according to the Plat thereof, as recorded in Plat book 57, at page 54, of the Public Records of Dade County, Florida;

together with all buildings, fixtures, appurtenances and improvements thereto and thereon.

5.     The United States seeks forfeiture of the defendant property, pursuant to Title 21, United States Code, § 881(a)(7), on the grounds that the property was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of Title 21, United States Code, § 801, et seq., punishable by more than one year's imprisonment.

## FACTUAL BACKGROUND

6.     Based on information received, in or about April 2003, agents of the Drug Enforcement Administration ("DEA"), with the assistance of the Metro-Dade Police Department, began an investigation into the drug trafficking activities that Alina Garcia ("Garcia") was conducting from her residence located at 6041 SW 64th Avenue, Miami, Florida (the "defendant property").

7.     Prior to and on May 1, 2003, a DEA confidential informant ("CI") negotiated with Garcia for the purchase of approximately 125 grams of heroin to the CI and Task Force Officer Elio

Oliva ("Officer Oliva"), who was acting in an undercover capacity, for $8,750.00.

8.      Recordings were made of several telephone conversations between the CI and Garcia in which negotiations were made for the May 1, 2003 transaction.

9.      On May 1, 2003, the CI and Officer Oliva went to the defendant property where they were to meet with Garcia to take possession of the 125 grams of heroin.

10.      On May 1, 2003, Garcia sold approximately 125 grams of heroin to the CI and Task Officer Oliva for $8,750.00, at the defendant property.

11.      Investigating agents conducted surveillance of the defendant property during the May 1, 2003 transaction.

12.      The May 1, 2003 meeting was monitored by investigating agents via an electronic transmitter and an audio recording was made of the meeting.

13.      Thereafter, during the course of telephone conversations, Garcia agreed to sell approximately one-half kilogram of heroin to the CI and Officer Oliva, who was again acting in an undercover capacity, for $35,000.00, at the defendant property.

14.      Recordings were made of telephone conversations between the CI and Garcia in which negotiations were made to finalize the heroin transaction noted in paragraph 13.

15.      On May 14, 2003, the CI and Officer Oliva went to the defendant property where they were to meet with Garcia to take possession of the one-half kilogram of heroin.

16.      During the May 14, 2003 meeting at the defendant property, Officer Oliva observed the heroin on the dining room table.

17.      Investigating agents conducted surveillance of the defendant property during the May 14, 2003 meeting.

3

18.     The May 14, 2003 meeting was monitored by investigating agents via an electronic transmitter and an audio recording was made of the meeting.

19.     Garcia was arrested by the investigating agents after the May 14, 2003 meeting with Officer Oliva and the CI.

20.     Incident to her arrest, Garcia was read her <u>Miranda</u> warnings.

21.     Garcia waived her <u>Miranda</u> rights, agreed to cooperate with the agents and gave written consent to the search of the defendant property.

22.     During the May 14, 2003 search of the defendant property, in addition to the one-half kilogram of heroin that was observed by Officer Oliva on the dining room table and that Garcia had agreed to sell to Officer Oliva and the CI, the following other narcotic substances were found inside the defendant property:

        a.     Approximately 55 grams of cocaine;

        b.     Approximately one gram of cocaine;

        c.     Approximately one-half gram of heroin; and

        d.     One marijuana cigarette.

23.     On May 14, 2003, under the supervision of the investigating agents, Garcia placed a telephone call to Steven Angelet ("Angelet"), who was her source of supply for the heroin sales, and asked Angelet to come to her residence to pick up the money for the sale of the one-half kilogram of heroin.

24.     Upon his arrival at Garcia's residence, Angelet was arrested.

25.     On or about May 15, 2003, Garcia and Angelet were charged with heroin and cocaine trafficking, in an Information filed in the case of <u>State of Florida v. Stephen William Angelet and</u>

4

<u>Alina Garcia</u>, Case No. F03-013661.

26.   Angelet pled guilty to heroin and cocaine trafficking in the State of Florida case and agreed to cooperate in this investigation.

27.   During an interview of Angelet on June 6, 2003, Angelet stated that he had been supplying heroin to Garcia for approximately six months, and had done at least ten transactions with Garcia at her residence, each involving at least approximately 125 grams of heroin.

28.   Angelet stated that he would deliver the heroin to Garcia's residence i.e., the defendant property, and that Garcia would sell the heroin from her residence.

29.   After Garcia had sold the heroin, she would notify Angelet, who would go to the residence to pick up the money for the sale of the heroin.

30.   During the course of the investigation, Garcia engaged in a number of discussions at the defendant property regarding the sale of additional amounts of narcotics.

31.   By reason of the foregoing, the defendant property has become and is forfeit to the United States of America, pursuant to Title 21, United States Code, § 881(a)(7), in that the defendant property was used or intended to be used, to commit or to facilitate the commission of violations of Title 21, United States Code, § 801, <u>et seq.</u>, punishable by more than one year's imprisonment.

WHEREFORE, Plaintiff United States of America requests that a summons <u>in rem</u> be issued for the defendant property, together with all attachments, buildings, fixtures, appurtenances and improvements thereto and thereon; that the Court direct all persons having any claim to or interest in the defendant property to appear and show cause why the forfeiture should not be decreed or suffer default of such claim or interest; that the Court declare the defendant property condemned and forfeited to the United States of America for disposition according to law; and that the United States

5

be granted such other and further relief as this Court deems just and proper, together with costs and disbursements of this action.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY


By:    *A. R. Walkins*

ARIMENTHA R. WALKINS
ASSISTANT U.S. ATTORNEY
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Tel.  (305) 961-9091
Fax:  (305) 536-7599
Fla. Bar No. 0897787
Arimenta.Walkins@justice.usdoj.gov

6

## **VERIFICATION**

I, Oscar J. Negron, Special Agent of the Drug Enforcement Administration, hereby declare under penalty of perjury as provided by Title 28, United States Code, § 1746, that the foregoing Complaint for Forfeiture In Rem is based upon information known to me, and that the facts alleged therein are true and correct to the best of my knowledge and belief.

EXECUTED, on this _____7_____ day of __July__ 2003.

OSCAR J. NEGRON
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

7

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET 03-21826

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV-KING**

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

2003 JUL -7 PM 3:59

CLARENCE MADDOX
CLERK U.S. DIST. CT
S.D. OF FLA - MIA

**DEFENDANTS**
REAL PROPERTY LOCATED AT
6041 SW 64th AVE., MIAMI, DADE
COUNTY, FLORIDA, ETC.

**MAGISTRATE JUDGE**
**O'SULLIVAN**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dade ) 03-21826-CV-King / O'Sullivan

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
U.S. Attorneys Office   (305)961-9091
99 NE 4th Street, Suite 700
Miami, FL  33132

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:  (DADE,)  MONROE,  BROWARD,  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☒ 625 Drug Related Seizure of Property 21 USC 881 | | B☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | | A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
21 USC § 881(a)(7)
Property is sought for forfeiture because it was used and intended to be used, to facilitate drug trafficking.

LENGTH OF TRIAL
via _5_ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 7/4/03

SIGNATURE OF ATTORNEY OF RECORD
Arimentha R. Walkins   A. R. Walkins

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____